IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rhonda Bennett, | Civil Action No. 1:10-cv-1931-RMG |
| Plaintiff, | |
| vs. | **ORDER** |
| Michael J. Astrue, Commissioner, Social Security Administration, | |
| Defendant. | |

Plaintiff filed this action seeking judicial review of a final decision of Defendant Commissioner of Social Security denying Plaintiff's application for social security benefits. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to a Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation recommending that the Commissioner's decision be affirmed. (Dkt. No. 18). Plaintiff objected to the Report and Recommendation (Dkt. No. 20) and the Commissioner filed a reply. (Dkt. No. 23). As detailed herein, this Court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision to deny benefits.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept,

1

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b) (1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Commissioner's

findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir.1987).

## Law/Analysis

This Court has reviewed the Record, the Magistrate's Report and Recommendation, and Plaintiff's objections *de novo*. Having done so, this Court has explained below why affirmance is warranted.

Plaintiff first alleges that the ALJ erred in not giving Dr. Krishniah's opinion controlling weight. (Dkt. Nos. 13 at 5; 15 at 1-2). *See Craig v. Chater*, 76 F.3d 585, 589-590 (4th Cir. 1996) (Noting importance to be accorded to treating physician's opinion). Generally, the Social Security Administration gives the opinion of a claimants treating medical physician greater weight (20 C.F.R. § 404.1527(d)(2)), however, "the rule does not require that the testimony be given controlling weight." *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam). Further, the ALJ has the discretion to give less weight to the opinion of a treating physician when there is "persuasive contrary evidence." *Mastro*, 270 F.3d at 176. In reviewing the ALJ's decision, the court's role is only to determine whether the ALJ's opinion is based on substantial evidence.

Here, the ALJ offers sufficient support for not giving Dr. Krishniah's opinion controlling weight. The ALJ mentioned specific inconsistencies in Dr. Krishniah's treatment notes and his opinion, causing him to find the opinion "highly subjective and claimant driven." (Tr. at 13, 16, 17). The ALJ also noted that Dr. Krishniah's opinion was not consistent with the record as a whole, and that there was evidence that Plaintiff's back pain did not prevent her from working during the time that Dr. Krishniah opined she could not work. (Tr. at 17).

In accordance with SSR 96-2p, the ALJ also gave "some weight" to opinions of consultant physicians. (Tr. at 17). The consulting physicians believed that the plaintiff was capable of more demanding work than the treating physicians. The ALJ took into consideration all of the physician's opinions, the evidence on the record and Plaintiff's obesity when making his decision. Therefore, this Court finds that the ALJ's decision is supported by substantial evidence and is not erroneous.

Plaintiff also asserts that the ALJ's findings regarding her RFC were not sufficiently detailed and thus the ALJ failed to comply with the requirements of SSR 96-8p. Under SSR 96-8p the ALJ is required to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis" and "[o]nly after that may RFC be expressed in terms of the exertional level of work, sedentary, light, medium, heavy and very heavy." Plaintiff contends that this requires the ALJ to provide a specific function-by-function assessment of Plaintiffs capacities. (Dkt. No. 13 at 8). However, Plaintiff offers no applicable case law or further support for this contention. Specifically, Plaintiff asserts that the ALJ did not assess and discuss her need to elevate her feet or her ability to stand, sit, walk, life, bend, or carry. Plaintiff refers to medical records and Dr. Krishniah's opinion as support.

Upon review of the ALJ's opinion, this Court finds that the ALJ did not err as his opinion explains that he used several pieces of evidence in making his conclusion. Moreover, the ALJ's finding regarding Plaintiff's RFC is consistent with 10 C.F.R. §§ 404.1567(b) and 416.967(b), and includes limitations based specifically on Plaintiff's ability to lift, carry, stand and walk. Therefore, this Court finds that the ALJ's opinion sufficiently explained how he determined Plaintiff's RFC as well as his rejection of Dr.

4

Krishniah's opinion. *See, e.g., Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006) ("In light of SSR 96-8p, [the ALJ's] conclusion [that Plaintiff could perform a range of sedentary work] implicitly contained a finding that Mr. Hines physically is able to work an eight hour day.) Therefore, the ALJ did not err in his assessment of Plaintiff's RFC.

Plaintiff's final assertion of error is that the ALJ failed to consider the effect obesity had on her RFC. This allegation is without merit. The ALJ expressly stated that "in developing the residual functional capacity delineated above, the undersigned has considered the effects of the claimant's morbid obesity." Tr. at 17. Additionally, the ALJ also stated that because of Plaintiff's obesity he found her RFC to be more limited than the state consultants did. Tr. at 17.

Plaintiff argues that the ALJ did not adequately explain how obesity played a role in the determination of Plaintiff's limitations. This Court disagrees. The ALJ's opinion explains that he found that Plaintiff's obesity "significantly limit[ed] [her] physical and mental abilities to do basic work activities" and considered obesity when determining work capabilities. Tr. at 17, 277, 322; *See* 20 C.F.R. § 404.1520(c). The ALJ expressly addressed P's obesity and its effect on the ALJ's determination, thus, this Court finds that the ALJ did not err in his consideration of obesity on Plaintiff's RFC.

### Conclusion

Accordingly, the denial of benefits is **affirmed** as outlined herein.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

June 20, 2011
Charleston, South Carolina

5